Escudero et al., Recurrente, *v.* El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de la inscripción de una partición de bienes.

No. 441.—Resuelto en diciembre 22, 1919.

Partición de Herencia—Intereses Opuestos Entre Hermanos Herederos—Defensor Judicial de Menores.—No es inscribible una partición de bienes en la cual uno de los herederos comparece por sí y, además, en representación, como defensor judicial nombrado por la corte de distrito, de un hermano suyo menor de edad, por existir intereses opuestos entre ambos herederos.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Luis Méndez Vaz.*

El registrador recurrido, Sr. R. Tirado Verrier, compareció por escrito.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Ocurrido en Carolina el fallecimiento abintestato de Rosa Bonilla, su viudo Manuel Escudero y sus legítimos hijos Teodulfo, Tomasa, José Manuel, Francisco y Antonio Escudero Bonilla, éste menor de edad y representado por un defensor judicial que lo era su hermano Teodulfo, procedieron a formalizar extrajudicialmente las operaciones de inventario, avalúo, liquidación y partición del caudal relicto consistente en una finca rústica que fué dividida en seis parcelas marcadas con las letras A, B, C, D, E, F y adjudicadas al viudo e hijos ya nombrados.

Protocolizadas las referidas operaciones y expedido el correspondiente testimonio de las mismas, fué presentado en el Registro de la Propiedad de San Juan, Sección Primera para la inscripción a favor de los adjudicatarios de las parcelas descritas bajo las letras D, E, F, y el registrador denegó la inscripción mediante nota de 11 de octubre de 1919 que dice así:

"Denegada la inscripción del precedente documento con vista

de la declaratoria de herederos y de otros comprobantes, en cuanto a las fincas letras D, E, F únicas cuya inscripción se solicitó, porque el nombramiento recaído en don Teodulfo Escudero Bonilla de defensor de su hermano don Antonio es nulo con arreglo al artículo 230 del Código Civil en relación con la sentencia del Tribunal Supremo, tomo 25, pág. 372, y otras que en ella se citan, por razón de tener ambos interés en la herencia, siendo por tanto nula esta partición, que a la vez comprende división material de la finca, por la indicada falta de capacidad del defensor, defecto que no se subsana por la aprobación judicial, habiéndose tomado en su lugar anotación preventiva por el término legal.''

Contra la anterior calificación interpuso la representación de los interesados recurso de apelación para ante esta Corte Suprema.

La única cuestión legal envuelta en el recurso es la de si habiendo representado Teodulfo Escudero a su hermano menor Antonio en las operaciones particionales como defensor del mismo esa representación vició de nulidad el documento por existir incompatibilidad de intereses entre defensor y defendido.

La anterior cuestión ha sido considerada y resuelta por esta Corte Suprema en el caso de *Sucn. Alvarez* v. *El Registrador de Caguas,* 16 D. P. R. 602.

Entonces dijimos:

''En la partición de la herencia del finado Ramón Alvarez Segarra correspondía a la viuda Quiteria López, por razón de la patria potestad que sobre sus hijos legítimos no emancipados le otorga el artículo 222 del Código Civil, el derecho de representar a sus menores hijos Federico Marcelino y María Antonia; pero como su interés era opuesto al de dichos menores, llegó el caso de dar aplicación al artículo 230 ya transcrito, nombrándoles un defensor que los representara.

''Pero, ¿podrá ser ese defensor un hermano de ellos o sea Ramón Alvarez López? Creemos que no.

''Si Quiteria López tenía interés opuesto al de Federico Marcelino y María Antonia, pues ella como es natural había de procurar el mayor beneficio para sí, igual interés opuesto había de haber por parte de Ramón Alvarez López respecto de sus dichos hermanos,

si es que esa oposición no es mayor, pues nunca la generosidad de un hermano respecto de otro hermano, en el orden de la naturaleza, puede equipararse al de una madre con relación a sus hijos.

"Ramón Alvarez Segarra tenía interés en la herencia de su difunto padre, y ese interés era contrario al de sus hermanos Federico Marcelino y María Antonia, por cuya razón no podía representar a éstos en la divisoria de los bienes de su padre.

"No se trata de reclamación de herencia, en cuyo caso los intereses de esos tres hermanos, lejos de ser contradictorios podían ser harmónicos, sino de partición de herencia, en que es natural que cada interesado procure sacar el mayor beneficio posible, y de ahí el conflicto de intereses.

"Y no se alegue que el artículo 230 del Código Civil se contrae al nombramiento de defensor de los hijos menores de edad cuando el padre o la madre tengan interés opuesto a ellos, sin ocuparse de interés opuesto entre hermanos, a quienes, por tanto, no alcanza aquel precepto.

"El legislador trató de evitar que el padre o la madre representaran intereses contrarios, y sería absurdo suponer que para evitar un escollo se cayera en el otro de representar un hermano interés propio y también de sus hermanos.

"Ni se diga que habiendo sido nombrado Ramón Alvarez Segarra defensor legal de sus hermanos Federico Marcelino y María Antonia por autoridad judicial competente, tiene que aceptarse como válida su representación, pues no es inscribible una escritura de partición de bienes en que el interesado tiene dos representaciones incompatibles, según resoluciones de la Dirección General de los Registros de España de 10 de agosto de 1867, 9 de marzo de 1875, 20 de diciembre de 1883 y 19 de noviembre de 1898.

"Tampoco cabe alegar que las operaciones divisorias de que se trata han sido aprobadas por la autoridad judicial, pues esa aprobación es un requisito que tiene sólo por objeto dar mayor solemnidad o autenticidad a las expresadas operaciones, y que no implica ni exige el examen de la validez de su contenido por el juzgado, sin que atendido su carácter meramente formulario, pueda equipararse dicha aprobación en sus efectos a las resoluciones que dictan los jueces y tribunales, previo el examen de la certeza de los hechos y su apreciación con arreglo a las leyes según resoluciones de la Dirección General de los Registros de 14 de junio de 1897 y 28 de junio de 1899.''

Esa doctrina fué implícitamente aceptada en el caso de

*Díaz* v. *El Registrador de Caguas,* 17 D. P. R. 1074, y expresamente ratificada por la mayoría de los jueces de esta corte en el caso de *Alvarez et al.* v. *El Registrador de Humacao,* 25 D. P. R. 372–377, y no encontramos ahora razón bastante para desautorizarla y separarnos de ella.

Por las razones expuestas es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Asociados Sres. Wolf y Aldrey disintieron.